**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STANLEY ARISTILDE ESTATE** | : | |
| **EX. REL. ARISTIDE,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **No. 26-cv-2591** |
| | : | |
| **TRADESMAN INTERNATIONAL, LLC** | : | |
| *et al.*, | : | |
|     **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**Joseph F. Leeson, Jr.**                                               **May 14, 2026**
**United States District Judge**

Plaintiff Stanley Aristilde filed this *pro se* civil action against Tradesman International

LLC, Chronos Construction Staffing, IBEW Local 102, and Integra One/Lenovo.  He seeks leave

to proceed *in forma pauperis*.  For the following reasons, the Court will grant Aristilde leave to

proceed *in forma pauperis* and dismiss his Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

Aristilde filed this civil action using the Court's form complaint for filing an employment

discrimination case.  (Compl. (ECF No. 2).)  He purports to be raising claims under Title VII for

national origin discrimination based on being "Hatian-American," as well as claims under the

Age Discrimination in Employment Act ("ADEA").  (*Id.* at 1, 3.)  He also appears to be claiming

---

[1]    The following allegations are taken from the Complaint and documents attached to the
Complaint.  The Court adopts the sequential pagination supplied by the CM/ECF docketing
system.  Where the Court quotes from the Complaint and exhibits, capitalization, punctuation,
and spelling errors will be cleaned up.

that he was discriminated against for being a "civically active constitutionalist." (*Id.* at 3.) By marking certain locations on the form complaint, and adding his own notes, Aristilde claims to have been discriminated against in the following respects:  failure to hire; failure to promote; "coercive tactic; forced employment by blocking new job opportunities;" failure to stop harassment; "acting in concert with other interdependent parties," unequal terms and conditions of his employments; "adding spyware/malware to devices," retaliation, "weaponized interdependence," and "exploiting design defects product liability claim." (*Id.* at 2-3.)  He also refers to "shadow operatives" and alludes to privacy violations. (*Id.* at 2.)

Aristilde alleges that he was an employee with Tradesman International, located in Ohio, in 2022 "before moving to PA," and that he was hired by Chronos Construction in January 2024. (*Id.* at 2, 3.)  He does not explain what job he was hired to do or allege that he was qualified for the positions that he sought or for which he was hired. (*Id.* 3-4.)  Rather, he simply claims that "[b]eing civically active is a protected activity" and asserts that employers "and other 3rd parties may not conspire with retaliation schemes" to punish an employee for protected activity. (*Id.* at 3.)  He further claims that "shadow operatives invaded the lien claimant/employee life by adding malware/spyware to all communication devices" and that "agents" who were "planted" near a "private dwelling" observed "his honorable nature infuriated the intruders which lead to an increase in traumatic based attacks." (*Id.* at 5.)

Aristilde attached exhibits to his Complaint, which include charges he filed with the Equal Employment Opportunity Commission ("EEOC") claiming to be a "victim of military grade mental assault" and spyware attacks, and alleging that his "conscious, subconscious, and living environment" have been subject to attack to destroy his "most valuable asset, [his] brain."

2

(*Id.* at 6, 11.)  He also attached Notice of Right to Sue Letters issued by the EEOC as to his charges.  (*Id.* at 7-10.)  The EEOC closed two of his charges for being untimely filed and one of his charges because Aristilde was "not in an employment relationship with the Respondent."  (*Id.* at 8-10.)  The letter pertaining to the fourth charge terminated the investigation without making a finding on the merits.  (*Id.* at 7.)  Aristilde also included a letter he received from IBEW Local 102 informing him that he "did not qualify for the interview portion of the selection process," and on which he wrote "exam score should be released to applicant" and that "applicant should not have to add union notices to federal lawsuit just to take entrance exam; discrimination in fact."  (*Id.* at 15.)

## II.    STANDARD OF REVIEW

Because Aristilde appears to be unable to pay the fees to commence this civil action, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, his Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation marks omitted). Although the Court construes the allegations of a *pro se* complaint liberally, an unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Aristilde's allegations fall woefully short of stating an employment discrimination (or any other) claim. To state a claim for employment discrimination, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him. *Connelly*, 809 F.3d at 789; *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d

4

Cir. 2021) ("In an age-discrimination suit, the legal conclusion that the plaintiff needs to win is that the employer took the adverse action because of the plaintiff's age."). Here, however, it is not clear that Aristilde was in an employment relationship with all of the Defendants and, for those in which he was, he does not allege what positions he sought or held, how he was qualified for those positions, what adverse actions were taken against him, and, most importantly, how his treatment could be considered discrimination due to his membership in a protected class, as is necessary to state an employment discrimination claim. *See, e.g.*, *Favors v. Sec'y U.S. Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race"); *Alja-Iz v. U.S. Virgin Islands Dep't of Educ.*, 626 F. App'x 44, 47 (3d Cir. 2015) (*per curiam*) (concluding that plaintiff's allegations "that he applied, that he was qualified, that he received 'negative' email responses, and that he was told he would not be hired" were insufficient to state a race or age discrimination claim); *Culler v. Sec'y of U.S. Veterans Affs.,* 507 F. App'x 249, 250 (3d Cir. 2012) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2012)); *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to"). Contrary to Aristilde's allegation, being civically involved is not a protected class under these statutes, but this allegation (whatever Aristilde means by it) appears to form the crux of his claims. Further,

his claims, as bolstered by his attached charges of discrimination, are based on assertions that the Defendants are spying on him, conspiring against him, and attempting to attack his brain. Having reviewed Aristilde's submission in full, the Court concludes that it is based on allegations that are not grounded in reality and that are, as a legal matter, factually frivolous, regardless of the statues he brings them under.[2] *See, e.g.*, *Smith v. N. Cambria Police*,, No. 25-1273, 2025 WL 1324070, at *1 (3d Cir. May 7, 2025) (*per curiam*) (affirming dismissal on frivolity grounds of claims based on allegations that "law enforcement officers are placing implants in [plaintiff's] body to monitor and harass him"); *Dominique v. Watchtower Bible & Tract Soc'y*, No. 24-3089, 2025 WL 636152, at *1 (3d Cir. Feb. 27, 2025) (*per curiam*) (The court affirmed dismissal on frivolity grounds of claims alleging that defendants "engaged in campaigns of harassment and defamation against [plaintiff].  For example, the complaint alleges that Comcast targeted [her] massively in commercials, movies, books, podcast, and all other media in an effort to persuade others to believe that [she is] Satan." (cleaned up)); *Mina v. Chester County*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (agreeing with district court's frivolity determination "[g]iven [plaintiff's] efforts to connect his allegations about actions and events over approximately 20 years into a vast conspiracy against him, as well as the outlandish nature of some of his claims" which included "planting of devices on his body").  Accordingly, the Court will dismiss Aristilde's Complaint.

---

[2]     These allegations are similar to those Aristilde has made in other recent filings.  *See Aristilde v. Doe*, Civ. A. No. 25-1514 (E.D. Pa.); *Aristilde v. Capobianco*, Civ. A. No. 26-166 (E.D. Pa.); *Aristilde v. N.Y. State Office of the Comptroller*, Civ. A. No. 26-339 (E.D. Pa.).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Aristilde leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

An appropriate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**